# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:13CV-P1093-R

**ROBERT LEE ASKEW, JR.**                                                                        **PLAINTIFF**

**v.**

**KENTUCKY CABINET FOR**
**HEALTH AND FAMILY SERVICES** *et al.*                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Robert Lee Askew, Jr., filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the instant action will be dismissed.

## I.

Plaintiff filed the complaint on a general complaint form naming as Defendants the Kentucky Cabinet for Health and Family Services (CHFS) and Theresa James, whom he identifies as being employed in the Office of the Secretary at CHFS. As his statement of the claim, Plaintiff states that he submitted a complaint to CHFS in 2008 "concerning mandatory fraud laws not being applied to Ms. Natasha Carmon, whom is the mother of my only child. A nine year old girl. (Complaint attached). CHFS never responded to this complaint." Plaintiff states that "Ms. Carmon has failed to report her income, and other information for the purpose of making herself eligible for program benefits such as KTAP, Medical, and food stamps, without meeting the technical Eligibility Requirements proscribed by Law." He states that Ms. Carmon has written a book and is running a web-based business selling her book and is not reporting the

income from either.  Plaintiff contends that "CHFS has failed to carry out its duties (mandatory) to enforce fraud laws."

Plaintiff contends that Defendants have violated his rights under the Fifth and Fourteenth Amendments "when the Agency Refuse to carry out its Responsibility, it's Duty, to Administer the Child Support Laws in accordance with the Rule of Law on Fraud."  He "believes he should be afforded fair opportunity to contest any and all cost assessed against him by the State's Agency (CHFS)."  He further states that CHFS "arbitrarily applied the Law to him."  Plaintiff also maintains that his Fifth and Fourteenth Amendment rights were violated by Defendants "when they do not have procedures in place which permit him access to the same financial records they have concerning Ms. Carmon, and cost assessed against me as Arrearages.  The State does'nt give access to Intentional Program Violations of its Clients."  Finally, Plaintiff alleges his Fifth and Fourteenth Amendment rights were violated by Defendants "when they did not Respond, or Redress his grievances submitted to its Authority.  Petitioner is not being given a fair Opportunity to be heard on his Complaints and Grievances."

As his "Requested Relief," Plaintiff requests the Court to order Defendants "to conduct an investigation into his Complaints of Fraud against Ms. Carmon, or otherwise carry out its duties to investigate Welfare Fraud."  He also requests the Court "to Afford him a fair hearing on his Original Complaint, and provide him any documents its agency has pertaining to Ms. Carmon's Financial Records."

Subsequent to filing the complaint, Plaintiff filed several documents that the Court will construe as attachments to the complaint.  He submitted a letter he wrote to the CHFS on July 21, 2008, which states that it is in regards to "CHFS REFUSAL TO APPLY FRAUD LAW TO A DOCUMENTED CASE."  In the letter he complains that Ms. Carmon "committed fraud by

withholding my name" as the father of the child as required by Kentucky regulation. The letter also states, "I fail to understand how Louisville area caseworkers may aid and abet Ms Carmon in receiving government benefits, when Ms Carmon was not, and still is not, eligible for the assistance that she received." Attached to that letter is a lab report from a genetic test showing that Terrance Askew, who is apparently Plaintiff's brother, is not the father of the Ms. Carmon's child.

Plaintiff also filed another document subsequent to the complaint. He filed a document titled a Confidential Suspected Abuse/Neglect, Dependency or Exploitation Reporting Form concerning an allegation of abuse of Ms. Carmon's child dated July 4, 2005. He also filed a letter dated May 18, 2006, addressed to Plaintiff from the Jefferson County Attorney Child Support Division addressing Plaintiff's concerns about Ms. Carmon's concealment of Plaintiff's identity as her child's father and other matters.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). As Plaintiff alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution, the Court must construe the complaint as brought under § 1983.

The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff states on the face of the complaint that he submitted a complaint to CHFS concerning the alleged fraud by Ms. Carmon in 2008 and his attachments support this. Therefore, it is clear that Plaintiff knew of the alleged injury in 2008, more than one year before the complaint was filed on November 6, 2013. Accordingly, the complaint is barred by the

statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4413.010